UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Kyle Richard Greene,                              File No. 20-cv-1207 (ECT/LIB)

                    Plaintiff,

v.                                               **OPINION AND ORDER**

U.S. Department of Justice and Natasha
Hudgins, FOIA Liaison,

                    Defendants.

Kyle Richard Greene, Grove City, MN, *pro se*.

Ann M. Bildtsen, United States Attorney's Office, Minneapolis, MN, for Defendants
U.S. Department of Justice and Natasha Hudgins.

Pro se Plaintiff Kyle Richard Greene claims that the U.S. Department of Justice and

Natasha Hudgins[1]—one of its attorneys—violated the Freedom of Information Act

("FOIA") by improperly withholding agency records that he requested.  *See* 5 U.S.C.

§ 552(a)(4)(B).  DOJ has filed a motion to dismiss Greene's Complaint or, in the

alternative, for summary judgment.  ECF No. 17.  It argues that Greene's claim is moot

---

[1]     The Complaint misspells Hudgins's surname as "Hudgens."  *See* Defs.' Mem. in
Supp. at 1 n.1 [ECF No. 19].  She will be dismissed as a Defendant because FOIA only
authorizes suits against federal agencies.  *See Thompson v. Walbran*, 990 F.2d 403, 405
(8th Cir. 1993) (per curiam).  Greene argues that Hudgins is a proper Defendant because
he also seeks a writ of mandamus against her, but such a writ would be inappropriate here
because FOIA offers Greene an "adequate alternative remedy."  *Longie v. Spirit Lake
Tribe*, 400 F.3d 586, 591 (8th Cir. 2005) (citation omitted); *see Rimmer v. Holder*, 700 F.3d
246, 264 (6th Cir. 2012).  This opinion will accordingly treat DOJ as the only Defendant.

because the agency has now provided a response to his request; that any challenge to the adequacy of the request must be dismissed for failure to exhaust administrative remedies; and that it conducted a reasonable search before providing all responsive records in its possession.

The motion will be granted in part and denied in part. Any FOIA claim related solely to the timeliness of DOJ's response is moot because the agency responded to Greene's FOIA request after he filed this lawsuit. Greene's challenge to the adequacy of DOJ's response is not moot, however, and he has constructively exhausted his administrative remedies with respect to that claim. Nonetheless, DOJ is entitled to summary judgment because the record shows that it has adequately discharged its duties under FOIA.

I[2]

Greene mailed the FOIA request at issue in this case to the United States Attorney's Office for the District of Minnesota on December 23, 2019. Compl. ¶ 5, Ex. A [ECF Nos. 1, 1-1]. The request sought the following ten categories of information related to the grand-jury process in this District "from January 1, 2011 to the present time":

1. The number of indictments returned.
2. The number of "no bills" issued.
3. The number of investigations requested by federal law enforcement agencies.
4. The number of investigations resulting in indictments.

---

[2]      In accordance with the standards governing factual attacks on subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and motions for summary judgment under Rule 56, the facts are taken from the whole record, not just the pleadings. *See Wagner v. Jones*, 664 F.3d 259, 264 (8th Cir. 2011); *Osborn v. United States*, 918 F.2d 724, 729–30 & n.6 (8th Cir. 1990).

5. The number of indictments returned because of those investigations.
6. The number of investigations requested by citizens not employed by the federal government.
7. The number of investigations begun as a result of citizen complaints.
8. The number of securities laws violations prosecuted for each year.
9. The procedure followed by federal law enforcement agents to bring a case in front of the federal grand jury . . . .
10. Whatever documents used by the U.S. Attorney that are designed to deny citizens access to the grand jury.

*Id.*, Ex. A at 3; *see also* Hudgins Decl. ¶ 6, Ex. A [ECF Nos. 22, 22-1].

After receiving Greene's request, the U.S. Attorney's Office forwarded it to DOJ's FOIA Unit in the Executive Office for the United States Attorneys in Washington, D.C., which is responsible for processing "all FOIA requests for all of the United States Attorney's Offices" nationwide. Compl. ¶ 6, Ex. B [ECF No. 1-2]; *see* Vanella Decl. ¶¶ 2, 7–9 [ECF No. 21]. The FOIA Unit sent Greene a letter on January 17, 2020, to let him know that it had assigned a case number to his request and that it was invoking a ten-day statutory extension of the ordinary twenty-day response deadline because the request involved "unusual circumstances"—specifically, it sought "records from one or more field offices" and "involve[d] many voluminous records and/or require[d] consultation with another agency/component[.]" Compl., Ex. C [ECF No. 1-3]; Hudgins Decl., Ex. B [ECF No. 22-2]. The letter also informed Greene that the agency processed requests on a "first-in, first-out basis in relation to other requests" and that his request had been "assigned to the complex track." *Id.* And it included a form that Greene could use to "modify [his] request in an attempt to obtain a quicker response." *Id.*

3

Next, the FOIA Unit asked both the U.S. Attorney's Office in Minnesota and the national DOJ Data Integrity and Analysis staff to conduct a search for documents responsive to Greene's request.  Vanella Decl. ¶ 10; Hudgins Decl. ¶ 8.  After "consult[ing] internally" with local records staff and "criminal division management" in late January 2020, the FOIA point person for the Minnesota office discovered that the office "does not track the information sought in" numbers 1–8 of Greene's request and that it does not maintain any records for numbers 9 and 10 "outside of the Federal Rules of Criminal Procedure."  Vanella Decl. ¶¶ 2, 12–13.  The local records coordinator then "attempted to manually count the number of indictments returned" during the relevant time periods, but that effort was unsuccessful due to unanswered questions about the scope of the request. *Id.* ¶ 14.  For example, the records coordinator was unable to determine what Greene meant when he asked for the number of "securities indictments."  *Id.*  On January 24, 2020, the Minnesota office "provided initial information regarding" its search efforts to the national FOIA Unit.  *Id.* ¶ 15.

At that point, Greene's request apparently sat for some time without further action. According to DOJ, this delay was caused by a massive workload exacerbated by the COVID-19 pandemic.  The FOIA Unit had approximately 5,000 pending requests as of November 2020.  Hudgins Decl. ¶ 17.  The agency used a first-come-first-served approach, and "[t]here were at least 2,000 requesters before [Greene] in the queue to be processed." *Id.* ¶ 18.  Greene was behind at least 300 other requesters in the "personal request queue" of the FOIA Unit attorney assigned to his case.  *Id.* ¶ 19.  And during most of the time that

Greene's request was pending, the FOIA Unit was operating with a drastically reduced in-person workforce because of the COVID-19 pandemic. *See id.* ¶ 20.

Eventually, in October 2020, the Minnesota U.S. Attorney's Office reached out directly to the national Data Integrity and Analysis staff to "determine if any of the requested statistical categories were tracked." *Id.* ¶ 9; Vanella Decl. ¶ 16. The Data Integrity staff determined that it tracked the total number of indictments referenced in number 1 of Greene's request, but not any of the other requested categories. Hudgins Decl. ¶ 9; Vanella Decl. ¶ 17. The Data Integrity staff then provided these numbers to the U.S. Attorney's Office in Minnesota, which uploaded them to the national FOIA Unit. Vanella ¶¶ 17–18; Hudgins Decl. ¶ 10. By then, the Minnesota office's FOIA point person was "not aware of any other method or means by which a further search could be conducted that would likely uncover additional responsive records." Vanella Decl. ¶ 20. After obtaining all necessary approvals, the FOIA Unit mailed its final response to Greene on October 28. Hudgins Decl. ¶¶ 11, 21, Ex. C [ECF No. 22-3]. The response consisted of a cover letter and a one-page chart showing the number of indictments returned for each year between 2011 and 2020. *Id.* The cover letter explained that "many of the areas sought in [Greene's] request are not tracked by EOUSA or the District of Minnesota," and it referred him to the Federal Rules of Criminal Procedure for "the rules related to the grand jury process." *Id.*, Ex. C at 1. It also informed Greene of his right to administratively appeal the adequacy of the response to DOJ's Office of Information Policy within 90 days. *Id.*

As far as the record shows, Greene did not hear anything from DOJ between the January 17 letter and the October 28 response.[3]  On May 19, 2020—more than five months before DOJ provided its response—he filed the Complaint in this case, alleging that DOJ and Hudgins had "improperly withheld [the] agency records" he requested and had "provided no explanation either by phone or by letter[] to justify their actions."  Compl. ¶ 14.  He seeks an order directing DOJ to "disclose the requested records in their entirety and [to] make copies available to [him]," a waiver of the search fees that the agency might otherwise charge, an award of his costs for this action, and declaratory and injunctive relief recognizing his right to "approach the grand jury."  *Id.* at 5–6, ¶¶ 1–4.  DOJ eventually filed the present motion to dismiss or, in the alternative, for summary judgment.  ECF No. 17.

II

FOIA requires federal agencies to make most of their records "promptly available" to "any person" upon request.  5 U.S.C. § 552(a)(3)(A); *see Judicial Watch, Inc. v. U.S. Dep't of Homeland Sec.*, 895 F.3d 770, 774–75 (D.C. Cir. 2018) (summarizing the procedures governing a FOIA request).  Agencies generally have, at most, thirty business days to "determine . . . whether to comply with [a] request."  *Id.* § 552(a)(6)(A)–(B).  If the agency does not provide a timely or complete response, the requester can ask a federal district court "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld[.]"  *Id.* § 552(a)(4)(B).  DOJ argues

---

[3]    Greene unsuccessfully tried to contact the FOIA Unit by phone on several occasions in March 2020.  Compl. ¶¶ 9–12.

that Greene's action under § 552(a)(4)(B) must be dismissed for three principal reasons, and those will be addressed in turn.

A

DOJ first seeks dismissal under Rule 12(b)(1) on the ground that Greene's claim is moot.   According to DOJ, Greene's Complaint challenged only the timeliness of the agency's response, and now that it has provided a response (albeit an untimely one), there is nothing left for a court to do.  Defs.' Mem. in Supp. at 8–11.  Greene responds that a live controversy remains because DOJ has not turned over all of the requested records.  *See* Pl.'s Mem. in Opp'n at 15–18 [ECF No. 26].[4]

A court reviewing a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1) must first determine whether the movant is making a "facial" attack or a "factual" attack.  *Branson Label, Inc. v. City of Branson*, 793 F.3d 910, 914–15 (8th Cir. 2015).  DOJ has introduced evidence outside the pleadings—including its response to Greene's FOIA request—which makes its attack on subject-matter jurisdiction factual.  *See*

---

[4]      Local Rule 7.1(c) requires a party responding to a dispositive motion to file a memorandum of law "[w]ithin 21 days after filing of [the] dispositive motion."  DOJ filed its motion on November 30, 2020.  Therefore, accounting for service by mail and court holidays, Greene's response was due on December 28, 2020.  *See* Fed. R. Civ. P. 6.  Greene did not file his response until January 5, 2021, and the response was therefore untimely. *See* ECF No. 26.  After DOJ pointed this out in its reply brief, Greene filed a motion seeking a retroactive extension of his response deadline.   Pl.'s Mot. [ECF No. 29].   He acknowledges that his response was untimely but appears to argue that he misunderstood the deadline.  *See id.* at 2.  Although pro se litigants are not excused from compliance with procedural rules, *see Gardner v. Wise*, No. 19-cv-706 (JRT/DTS), 2019 WL 3371139, at *2 (D. Minn. July 26, 2019), Greene's motion will be granted.  His response brief has been reviewed and considered.

Hudgins Decl., Ex. C.  The factual nature of DOJ's attack enables the reviewing court to resolve disputed facts, applying no presumption of truth to the nonmoving party's allegations or evidence.  *Branson*, 793 F.3d at 914–15; *see Osborn*, 918 F.2d at 729–30 & n.6.

The United States Constitution limits the subject-matter jurisdiction of federal courts to ongoing cases and controversies.  *See* U.S. Const. art. III, § 2, cl. 1.  "[A]n actual [case or] controversy must exist not only at the time the complaint is filed, but through all stages of the litigation."  *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90–91 (2013) (internal quotation marks and citation omitted).  "When, during the course of litigation, the issues presented in a case 'lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief,' the case is considered moot."  *Ali v. Cangemi*, 419 F.3d 722, 723 (8th Cir. 2005) (alteration in original) (quoting *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000)); *see Already*, 568 U.S. at 91.  If an action is moot because it no longer satisfies the case-or-controversy requirement, a federal court "ha[s] no discretion and must dismiss the action for lack of jurisdiction."  *Ali*, 419 F.3d at 724 (citing *Powell v. McCormack*, 395 U.S. 486, 496 n.7 (1969)).

A FOIA case generally becomes moot "when requested documents have already been produced."  *Urban v. United States*, 72 F.3d 94, 95 (8th Cir. 1995) (citation omitted).  To decide whether a particular FOIA claim is moot, a court must look to the nature of the claim.  If a plaintiff only challenges the timeliness of the agency's response, then the claim becomes moot once the agency provides any response at all.  *See Meyer v. Comm'r*, No. 10-cv-767 (JNE/JJK), 2010 WL 4157173, at *6 (D. Minn. Sept.  27, 2010) (collecting

8

cases), *report and recommendation adopted*, 2010 WL 4134958 (D. Minn. Oct. 19, 2010); *see also In Defense of Animals v. Nat'l Insts. of Health*, 543 F. Supp. 2d 83, 112 (D.D.C. 2008). A live controversy remains, however, if the plaintiff also challenges the substantive adequacy of the agency's response. *See Biear v. Att'y Gen. U.S.*, 905 F.3d 151, 158 (3d Cir. 2018); *McKinley v. F.D.I.C.*, 756 F. Supp. 2d 105, 111 (D.D.C. 2010); *accord Simon v. Fed. Bureau of Prisons*, No. 16-cv-704 (ADM/KMM), 2016 WL 5109543, at *3–4 (D. Minn. Aug. 29, 2016), *report and recommendation adopted*, 2016 WL 5219582 (D. Minn. Sept. 20, 2016).

It is reasonable to understand Greene's Complaint to challenge the tardiness of DOJ's response to his FOIA request. At the time he filed the Complaint, he had received no response even though the statutory deadlines had passed, and he alleged that DOJ "provided no explanation . . . to justify [its] actions." Compl. ¶ 14. He sought an order directing DOJ to disclose the records he requested. *Id.* at 5 ¶ 1. Insofar as Greene's Complaint raised a "timeliness" claim—that is, a challenge to the timing of DOJ's response, irrespective of the substance of the response—that claim is now moot because DOJ has provided a response. Hudgins Decl., Ex. C; *see Meyer*, 2010 WL 4157173, at *6. The timeliness claim will accordingly be dismissed without prejudice.

Construed with Greene's pro se status in mind, however, *see Devine v. Walker*, 984 F.3d 605, 607 (8th Cir. 2020), the Complaint is best understood to extend beyond the timing of DOJ's response to its substantive adequacy. Most notably, the Complaint seeks an order directing DOJ "to disclose the requested records *in their entirety*[.]" Compl. at 5 ¶ 1 (emphasis added). This request seems to reflect Greene's belief that all of the requested

records exist, that he is entitled to them, and that any response containing less than all of the records would be substantively inadequate.  To be sure, the Complaint could not have alleged specific reasons why DOJ's response was inadequate because the response did not exist when Greene filed it.  One court in this District has suggested that it would be "a stretch" under these circumstances to construe a complaint to raise an "anticipatory" claim concerning the adequacy of a FOIA response.  *Simon*, 2016 WL 5109543, at *4.  But the court in *Simon* recognized some ambiguity on this question, and the complaint in that case seems to have been more focused on the preliminary issue of obtaining a timely response.  *See id.*; *see also Simon v. Fed. Bureau of Prisons*, No. 16-cv-704 (D. Minn.), ECF No. 1 at 5–7.  Here, Greene made sufficiently clear that he intended to "rais[e] the issue of his ultimate entitlement to have access to [the] records."  *Simon*, 2016 WL 5109543, at *4.  In other words, a live controversy remains concerning the adequacy of DOJ's response, and DOJ's motion will accordingly be denied to the extent it seeks complete dismissal of the action on mootness grounds.

B

Next, DOJ argues that any challenge to the adequacy of the FOIA response must be dismissed because Greene has not exhausted his administrative remedies with respect to that challenge.  Defs.' Mem. in Supp. at 11–13.[5]  Greene responds that he is deemed to

---

[5]   DOJ relies on either Rule 12(b)(1) or Rule 12(b)(6) for this argument, recognizing a lack of clarity over whether a plaintiff's failure to exhaust administrative remedies deprives a federal court of subject-matter jurisdiction.  *See* Defs.' Mem. in Supp. at 11 n.4.  Because the argument requires the consideration of evidence beyond the pleadings—most notably, DOJ's FOIA response—Rule 12(b)(6) would not be an appropriate vehicle.  Instead, DOJ's argument is best understood as either a factual attack on subject-matter

10

have exhausted his remedies under FOIA's "constructive exhaustion" provision, 5 U.S.C. § 552(a)(6)(C).  Pl.'s Mem. in Opp'n at 7, 18; Pl.'s Surreply Mem. at 3–4 [ECF No. 30].[6]

These arguments highlight an interesting and unresolved question concerning a FOIA plaintiff's obligations to exhaust administrative remedies.  Generally, administrative exhaustion is required.  *See Brumley v. U.S. Dep't of Labor*, 767 F.2d 444, 445 (8th Cir. 1985) (per curiam) (describing administrative exhaustion as a "prerequisite to suit under FOIA"); *accord Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 61–62 (D.C. Cir. 1990).  The statute provides an exception to this requirement.  A person who submits a FOIA request "shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions[.]" 5 U.S.C. § 552(a)(6)(C).  DOJ does not seem to dispute that it failed to comply with FOIA's time limit provisions.  It argues, however, that § 552(a)(6)(C) can only provide for constructive exhaustion of a "timeliness" claim, not an "adequacy" claim.  *See* Defs.' Mem. in Supp. at 12–13.  Put differently, once DOJ responded to Greene's FOIA request—no matter how late—Greene needed to file an administrative appeal and, if necessary, a new federal lawsuit in order to challenge the adequacy of the response.

---

jurisdiction, *see Osborn*, 918 F.2d at 729–30, or a motion for summary judgment under Rule 56.  The disposition of the exhaustion issue makes it unnecessary to decide whether the issue is jurisdictional.

[6]     Local Rule 7.1(c) does not give a responding party the opportunity to file a surreply to a movant's reply memorandum, and Greene filed his surreply without seeking permission to do so.  Nonetheless, the surreply has been reviewed and considered.

A number of courts have adopted DOJ's theory. These courts recognize a distinction, for exhaustion purposes, between "timeliness" claims and "adequacy" claims. *See, e.g.*, *Simon*, 2016 WL 5109543, at \*3. In their view, § 552(a)(6)(C) only allows for constructive exhaustion "in order to challenge the tardiness of the [agency's] response," not the adequacy of its response. *Voinche v. F.B.I.*, 999 F.2d 962, 963 (5th Cir. 1993). So, when an agency provides an untimely response to a plaintiff's FOIA request after a lawsuit has been filed—thereby mooting a timeliness claim—any claim challenging the adequacy of the response must be dismissed for failure to exhaust administrative remedies. *See id.* at 963–64. The Fifth Circuit seems to have pioneered this approach in *Voinche*,[7] with a number of other courts reaching the same result. *See, e.g.*, *Calhoun v. F.B.I.*, 546 F. App'x 487, 490 (5th Cir. 2013); *Simon*, 2016 W 5109543, at \*3–4; *Andrus v. U.S. Dep't of Energy*, 200 F. Supp. 3d 1093, 1098–1102 (D. Idaho 2016); *Ozment v. U.S. Dep't of Homeland Sec.*, No. 3:11-cv-00429, 2011 WL 6026590, at \*3 (M.D. Tenn. Dec. 1, 2011); *United Transp. Union Local 418, Burlington Sys. Div. of Bhd. of Maint. of Way Emps. v. Boardman*, No. C07-4100-MWB, 2008 WL 2600176, at \*7–9 (N.D. Iowa June 24, 2008); *Fisher v. U.S. Dep't of Justice*, Civ. No. 07-2273 (RBK), 2008 WL 8683024, at \*3 (D.N.J. May 9, 2008).

---

[7]    To support its interpretation of § 552(a)(6)(C), the court in *Voinche* cited *Open America v. Watergate Special Prosecution Force*, 547 F.2d 605, 607 (D.C. Cir. 1976). In that case, the D.C. Circuit considered what kind of "exceptional circumstances" and "due diligence" an agency must show in order to obtain permission from a court to extend its time to comply with a FOIA request. *See id.* at 616. The case did not address the scope of a plaintiff's obligation to exhaust administrative remedies.

Quite a few courts have also come out the other way, holding that once an agency has failed to comply with FOIA's time limit provisions, the requester is deemed to have exhausted her administrative remedies with respect to both "timeliness" and "adequacy" claims. *See Pollack v. Dep't of Justice*, 49 F.3d 115, 118–19 (4th Cir. 1995); *see also, e.g.*, *Lechliter v. Rumsfeld*, 182 F. App'x 113, 115 n.3 (3d Cir. 2006) (per curiam); *Farah v. U.S. Dep't of Justice*, No. 20-cv-622 (JRT/DTS), 2020 WL 5017824, at *2 & n.1 (D. Minn. Aug. 25, 2020); *Pinson v. U.S. Dep't of Justice*, 145 F. Supp. 3d 1, 9–10 (D.D.C. 2015) (collecting cases); *Francis v. Office of Hearings & Appeals*, Civ. No. 4-90-673, 1991 WL 40389, at *1–2 (D. Minn. Mar. 15, 1991).[8]   According to these courts, § 552(a)(6)(C) allows a plaintiff who has not received a timely response to pursue an "enforcement action for the entire FOIA request" without having to pursue separate administrative appeals for "each agency determination." *Pollack*, 49 F.3d at 119.

DOJ argues that the Eighth Circuit has endorsed the former approach, relying on the unpublished decision in *Heide v. LaHood*, 406 F. App'x 83 (8th Cir. 2010) (per curiam). In *Heide*, the court affirmed a district court's decision to dismiss a FOIA complaint as moot where, as here, the agency had provided a response to the FOIA request after the lawsuit had been filed. *See id.*  The court cited *Voinche* and, in a parenthetical, summarized both aspects of the Fifth Circuit's holding—*i.e.*, that a "timeliness" claim becomes moot when the agency responds after the lawsuit is pending and that any "adequacy" claim must be

---

[8]   DOJ's legal treatise on FOIA appears to take this position. *See* Dep't of Justice, *Guide to the Freedom of Information Act: Litigation Considerations* 34–35 (Sept. 25, 2019), https://www.justice.gov/oip/page/file/1205066/download.

dismissed for failure to exhaust administrative remedies.  *Id.*  After *Heide*, at least one court in this District has adopted *Voinche*'s approach.  *See Simon*, 2016 WL 5109543, at \*4.

There is reason to believe that the Eighth Circuit panel in *Heide* did not intend to endorse a binding interpretation of FOIA's constructive exhaustion provision.  First, the court did not cite or otherwise refer to § 552(a)(6)(C).  Second, it is not clear that the court's reference to *Voinche*'s exhaustion holding had any impact on the outcome of the case.  The opinion suggests that the plaintiff had only challenged the timeliness of the agency's response, leaving no "adequacy" claim to dismiss for lack of exhaustion.[9]  *See id.*  Third, the panel chose to issue an unpublished opinion and cited a procedural rule that authorizes the court to affirm a judgment "without opinion" if it determines, among other things, that "an opinion would have no precedential value[.]"  8th Cir. R. 47B; *see also* 8th Cir. R. 32.1A (stating that unpublished opinions are generally "not precedent").  Finally, at least one other Eighth Circuit panel has reached the merits of a FOIA claim (without mentioning exhaustion) even though the agency did not provide its response until after the plaintiff had filed a lawsuit.  *See Madel v. U.S. Dep't of Justice*, 784 F.3d 448, 451–52 (8th Cir. 2015).  Absent clear authority to the contrary, then, it appears that the Eighth Circuit has not resolved the scope of § 552(a)(6)(C).  *See Farah*, 2020 WL 5017824, at \*2 n.1.

For several reasons, the better understanding is that § 552(a)(6)(C) allows constructive exhaustion of all aspects of a plaintiff's FOIA claim, not just a challenge to

---

[9]  The district court's ruling from the bench in *Heide* supports this reading.  In concluding that the plaintiff's claim was moot, the court described the timeliness of the agency's response as the "core of the dispute."  Tr. of Hrg. on Mot. to Dismiss at 29, *Heide v. LaHood*, No. 10-cv-61 (ADM/JJK) (D. Minn. May 5, 2010), ECF No. 47.

the timeliness of the agency's response.  This conclusion is more consistent with the text of the statute, which deems a person making a FOIA request "to have exhausted his administrative remedies *with respect to such request*."  5 U.S.C. § 552(a)(6)(C) (emphasis added).  Nothing in this text limits its applicability to questions of timeliness or suggests that it loses effect once the agency provides a response.  Indeed, the phrase "with respect to such request" suggests just the opposite: that constructive exhaustion applies to the whole request.  There is no persuasive reason to think that an administrative appeal concerning timeliness is an "administrative remed[y] with respect to such request" that falls under § 552(a)(6)(C) while an administrative appeal concerning adequacy is not.  This interpretation also addresses a significant practical risk.  If, after a plaintiff had properly invoked § 552(a)(6)(C) and filed a lawsuit, an agency could create a new obligation to exhaust administrative remedies by taking a new action on the pending FOIA request, the agency could evade full judicial review indefinitely.  *See Gavin v. U.S. SEC*, No. 04-cv-4522 (PAM/JSM), 2006 WL 2975310, at *7 (D. Minn. Oct. 16, 2006).

To be sure, there are also reasonable arguments in favor of the Fifth Circuit's approach, which the court applied in *Simon*.  Most notably, exhaustion gives the agency "an opportunity to exercise its discretion and expertise . . . and to make a factual record to support its decision."  *Oglesby*, 920 F.2d at 61.  It can also promote judicial efficiency by "allow[ing] the top managers of an agency to correct mistakes made at lower levels and thereby obviate[] unnecessary judicial review."  *Id.*; *see also Andrus*, 200 F. Supp. 3d at 1101–02.  Interpreting § 552(a)(6)(C) to apply equally to all aspects of a plaintiff's FOIA claim arguably does not serve these goals.  An agency that does not respond to a plaintiff's

15

request in a timely manner may not get a chance to correct its own mistakes and may be forced to assemble a factual record for the first time after litigation has already begun. *See Simon*, 2016 WL 5109543, at *4. Whatever the merit of these arguments as a policy matter, however, they are difficult to square with the text of § 552(a)(6)(C).

All that is left is to apply § 552(a)(6)(C) to this case. Greene filed his FOIA request in December 2019. Compl. ¶ 5, Ex. A. DOJ acknowledged receipt of his request at its FOIA Unit on January 17, 2020, *id.* ¶ 7, Ex. C, but it did not determine whether to comply or otherwise provide a response to the request within 30 days, *id.* ¶ 14; *accord* Hudgins Decl. ¶ 11. This did not comply with FOIA's time limit provisions, *see* 5 U.S.C. § 552(a)(6)(A)–(B), and Greene was accordingly "deemed to have exhausted his administrative remedies with respect to [his] request" at the time he filed this lawsuit in May 2020, *id.* § 552(a)(6)(C). This remained true after DOJ provided a response in October 2020. *See* Hudgins Decl. ¶ 11, Ex. C. DOJ's motion will therefore be denied insofar as it seeks dismissal of Greene's Complaint for failure to exhaust his challenge to the adequacy of the response.

## C

DOJ moves in the alternative for summary judgment on the ground that it conducted a reasonable search and provided an adequate response to Greene's FOIA request. Defs.' Mem. in Supp. at 14–17. In response, Greene argues that DOJ's records search was inadequate and that the agency is still withholding records. Pl.'s Mem. in Opp'n at 18–19.

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

Fed. R. Civ. P. 56.  "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [his] favor."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citation omitted).  To obtain summary judgment in a FOIA case, an "agency must prove that each document that falls within the class requested either has been produced, is unidentifiable, or is wholly exempt from [FOIA's] inspection requirements."  *Miller v. U.S. Dep't of State*, 779 F.2d 1378, 1382–83 (8th Cir. 1985) (internal quotation marks and citation omitted).  This requires a showing that the agency "has thoroughly searched for the requested documents where they might reasonably be found."  *Id.* at 1383.  "An agency may prove the reasonableness of its search through affidavits of responsible agency officials so long as the affidavits are relatively detailed, nonconclusory, and submitted in good faith."  *Id.*; *see also Mace v. E.E.O.C.*, 197 F.3d 329, 330 (8th Cir. 1999) (per curiam); *Pollack v. U.S. Bureau of Prisons*, 879 F.2d 406, 409 (8th Cir. 1989); *Nielsen v. U.S. Bureau of Land Mgmt.*, 252 F.R.D. 499, 512 (D. Minn. 2008).

The affidavits that DOJ has provided to support its motion describe a search that was, under the circumstances, reasonable.  DOJ consulted both its local records in the District of Minnesota and its national records with the Data Integrity and Analysis staff, which "maintains statistical data that is tracked for [the Executive Office of U.S. Attorneys] and the U.S. Attorney's Offices throughout the country."  Hudgins Decl. ¶ 8.  The staff responsible for this search determined that the agency only tracked information responsive to one of Greene's requests.  Vanella Decl. ¶ 13; Hudgins Decl. ¶ 9.  The agency then generated a chart containing this responsive data and sent it to Greene.  Vanella Decl. ¶¶ 17–19; Hudgins Decl. ¶ 11.  In short, the only evidence in the record indicates that

17

DOJ looked where the records might reasonably have been found, that no other responsive records exist, and that the agency has fully discharged its obligations to respond to Greene's request, even if it was late in doing so.

Greene raises several arguments in response, but they do not rebut the presumption of good faith owed to DOJ's affidavits. *See Miller*, 779 F.2d at 1383; *see also Hamdan v. U.S. Dep't of Justice*, 797 F.3d 759, 770 (9th Cir. 2015). First, he argues that DOJ could have calculated answers for some of his requests by, for example, subtracting the number of "investigations by law enforcement agencies" from the total number of indictments to obtain the number of indictments stemming from "investigations requested by citizens not employed by the federal government, assuming no other variables existed." Pl.'s Mem. in Opp'n at 4. Setting aside whether these calculations were feasible or would have proved accurate, they were not required because "it is not necessary to create a document that does not exist in order to satisfy a FOIA request." *Miller*, 779 F.2d at 1385 (cleaned up).

Second, Greene suggests that DOJ should have "extended" its search to the National Archives and Records Administration ("NARA"). Pl.'s Mem. in Opp'n at 12. In his surreply, he clarifies that he means to argue that DOJ may have "remov[ed] the documents from [its] custody and/or control in an attempt to evade [its] duty in complying with FOIA." Pl.'s Surreply Mem. at 5. He provides no evidence or additional factual allegations to support this assertion. In any event, as DOJ points out, NARA is a separate agency to which Greene could submit a separate FOIA request. *See* 36 C.F.R. §§ 1250.1–1250.82 (addressing the procedures for submitting a FOIA request to NARA). DOJ was not

18

required to turn over information that was not "in [its] control at the time the request [was] made[.]" *U.S. Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 145–46 (1989).

Finally, Greene argues that DOJ's response indicates that the agency is "lying and withholding records." Pl.'s Mem. in Opp'n at 18. Nothing in the record casts doubt on DOJ's assertion that it has conducted a thorough search and provided all responsive records, and Greene has provided no evidence to support his allegations. Courts have repeatedly held that speculative and unsubstantiated allegations that an agency is continuing to withhold records are not enough to escape summary judgment. *See, e.g.*, *Mace*, 197 F.3d at 330; *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1201 (D.C. Cir. 1991); *Nielsen*, 252 F.R.D. at 517.[10]

D

Several other matters require comment without extensive discussion. First, in his Complaint, Greene seeks a declaratory judgment that he "is just as entitled to approach the grand jury as federal law enforcement agents are." Compl. at 6 ¶ 4. He does not support this request in his brief. In any event, "a declaratory judgment is a remedy, not a cause of action." *Far E. Aluminium Works Co. Ltd. v. Viracon, Inc.*, __ F. Supp. 3d __, 2021 WL 663728, at *6 (D. Minn. Feb. 19, 2021). The FOIA cause of action that Greene has invoked

---

[10]    Greene also suggests that the case should proceed to discovery. *See* Pl.'s Mem. in Opp'n at 1 n.2, 15 n.5. But "[d]iscovery is generally unavailable in FOIA actions." *Wheeler v. CIA*, 271 F. Supp. 2d 132, 139 (D.D.C. 2003). Greene has identified no reason to deviate from that general rule in this case. Nor does it matter that DOJ filed a summary judgment motion before answering the complaint. *See Jones v. U.S. Dep't of Justice*, 601 F. Supp. 2d 297, 302 (D.D.C. 2009) ("[I]t is standard practice in FOIA cases for the defendant to file a motion for summary judgment instead of filing a responsive pleading.").

is limited to "enjoin[ing] the agency from withholding agency records and . . . order[ing] the production of any agency records improperly withheld[.]"  5 U.S.C. § 552(a)(4)(B). Because DOJ has shown that it provided all responsive records in its possession, a declaratory judgment would be inappropriate, and DOJ is entitled to summary judgment on this request.

Second, Greene seeks a waiver of fees for the agency's record search.  Compl. at 5 ¶ 2; *see* 5 U.S.C. § 552(a)(4)(A)(viii)(II)(aa) (providing that an agency "may not assess any search fees" if it fails to comply with FOIA's time limits).  Undisputed evidence in the record shows that DOJ charged no search fees for its response to Greene's FOIA request. Hudgins Decl. ¶ 16.  DOJ is therefore entitled to summary judgment on this request, too.

Finally, Greene seeks an award of "his costs incurred in this action."  Compl. at 5 ¶ 3.  FOIA provides that a court "may assess against the United States . . . litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed."  5 U.S.C. § 552(a)(4)(E)(i).  A litigant "substantially prevail[s]" by obtaining relief through either: "(I) a judicial order, or an enforceable written agreement or consent decree; or (II) a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial."  *Id.* § 552(a)(4)(E)(ii).  The latter provision allows a FOIA plaintiff to obtain costs by showing that her lawsuit was a "catalyst" for the agency's decision to release records.  *Contreras & Metelska, P.A. v. U.S. Dep't of Justice*, No. 20-cv-1261 (SRN/KMM), 2020 WL 6867411, at *6–7 (D. Minn. Nov. 23, 2020).  The Parties have not fully addressed this issue in their briefing and, as DOJ recognizes, Greene may file a motion for costs after judgment.  *See* Defs.' Mem. in Supp. at 17 n.6; *see also*

*Contreras & Metelska, P.A.*, 2020 WL 6867411, at *5–6 (addressing a post-judgment motion for costs).  Under the circumstances, the better course is to defer ruling on Greene's request for costs until he files such a motion, if he chooses to do so.

## ORDER

Based on the foregoing, and on all the files, records, and proceedings in this case,

**IT IS ORDERED THAT:**

1.    Plaintiff's Motion for Enlargement of Time [ECF No. 29] is **GRANTED**;

2.    Defendants' Motion to Dismiss or for Summary Judgment [ECF No. 17] is **GRANTED IN PART** and **DENIED IN PART** as follows:

   a.   The motion is **GRANTED** insofar as it seeks dismissal of Natasha Hudgins as a Defendant;

   b.   The motion is **GRANTED** insofar as it seeks dismissal of Greene's claim challenging the timeliness of Defendants' FOIA response **WITHOUT PREJUDICE** for lack of subject-matter jurisdiction;

   c.   The motion is **DENIED** insofar as it seeks dismissal of the Complaint for failure to exhaust administrative remedies;

   d.   The motion is **GRANTED** insofar as it seeks summary judgment on Greene's claims challenging the adequacy of Defendants' search for records; and

3.     Except for Plaintiff's timeliness claim, which is dismissed without prejudice,

Plaintiff's Complaint [ECF No. 1] is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated:  April 9, 2021                    s/ Eric C. Tostrud
                                         Eric C. Tostrud
                                         United States District Court